# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 13, 2018

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| PATRICIA BARABAS, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 16-1455V |
| | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Stipulation; Influenza |
| AND HUMAN SERVICES, | \* | ("Flu"); Guillain- Barre |
| | \* | Syndrome ("GBS"); |
| Respondent. | \* | Miller-Fisher. |

\* \* \* \* \* \* \* \* \* \* \* \*

Carol L. Gallagher, Linwood, NJ, for petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On November 4, 2016, Patricia Barabas ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner received an influenza ("flu") vaccination on August 25, 2015.  Petitioner alleged that she suffered from Guillain-Barre Syndrome/Miller Fisher variant ("GBS") as a result of receiving the flu vaccination.

On November 13, 2018, respondent filed a joint stipulation providing that a decision should be entered awarding compensation to petitioner.  Joint Stipulation (ECF No. 60).  Respondent denies that the flu vaccination caused petitioner to suffer GBS or any other injury.  Id. at ¶ 6.  Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012).  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  Id.  If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards a lump sum of $40,000.00 in the form of a check payable to petitioner.**  This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a).

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.  Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                          )
PATRICIA BARABAS,                        )
                                                          )
              Petitioner,                         )
                                                          )          No. 16-1455V
       v.                                               )          Special Master Gowen
                                                          )          ECF
SECRETARY OF HEALTH AND        )
HUMAN SERVICES,                          )
                                                          )
              Respondent.                       )
_____)

## <u>STIPULATION</u>

The parties hereby stipulate to the following matters:

1.  Petitioner filed a petition for vaccine compensation under the National Vaccine Injury

Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program").  The petition

seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine,

which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received her influenza immunization on August 25, 2015.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that she suffered Guillain-Barre Syndrome/Miller Fisher variant

("GBS") as result of the influenza vaccine.  Petitioner further alleges that she experienced the

residual effects of this condition for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action

for damages on her behalf as a result of her condition.

6.  Respondent denies that the influenza vaccine caused petitioner to suffer GBS or any

other injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of $40,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on August 25, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about November 4, 2016, in the United States Court of Federal Claims as petition No. 16-1455V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's alleged GBS, or any other injury.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Patricia Barabas*
PATRICIA BARABAS


**ATTORNEY OF RECORD FOR
PETITIONER:**

*Carol L. Gallagher*
CAROL L. GALLAGHER, ESQ.
Carol L. Gallagher, Esquire LLC
Cornerstone Commerce Center
1201 New Road, Suite 133
Linwood, NJ 08221
Tel: (609) 837-6262

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

*Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

*Ann D Martin*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815


Dated: *November 13, 2018*