# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: January 28, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *
PATRICIA BARABAS,                     *          UNPUBLISHED
                                      *
              Petitioner,             *          No. 16-1455V
                                      *
v.                                    *          Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *          Attorneys' Fees and Costs.
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

<u>Carol L. Gallagher</u>, Linwood, NJ, for petitioner.
<u>Amy P. Kokot</u>, United States Department of Justice, Washington, DC, for respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS</u>[1]

On November 16, 2018, Patricia Barabas ("petitioner") filed a motion for attorneys' fees and costs.  Petitioner's Motion for Attorneys' Fees and Costs ("Pet. App.") (ECF No. 65).  For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs and awards a total of $73.020.29.

### I.  Procedural History

On November 4, 2016, petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner received an influenza ("flu") vaccination on August 25, 2015.  Petition at ¶ 2; Stipulation at ¶ 2.  Petitioner alleged that she

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

suffered from Guillain-Barré Syndrome/Miller Fisher variant ("GBS") as a result of receiving the flu vaccination.  Petition at Preamble; Stipulation at ¶ 4.  On November 13, 2018, the parties filed a joint stipulation awarding compensation (ECF No. 60), which I adopted on the same day (ECF No. 61).

On November 16, 2018, petitioner filed the present motion for attorneys' fees and costs.  Petitioenr requests $66,047.03 in attorneys' fees and $6,973.26 in attorneys' costs, for a total request of $73,020.29.  Pet. App. at 3.  Pursuant to General Order No. 9, petitioner indicates that she has not advanced any funds in the prosecution of her claim as all expenses have been incurred by the attorney of record.  *Id.* at Ex. I.

On November 20, 2018, respondent filed a response to the fees motion, indicating that: "Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case," and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response (ECF No. 66) at 2-3.  Petitioner did not file a reply.  Accordingly, the matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(3)(1).  Here, petitioner was awarded compensation pursuant to the parties' stipulation and is therefore entitled to an award of reasonable attorneys' fees and costs.

Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Ct. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*,85 Fed. Cl. 313 (Fed. Cl. 2008).

### a.   Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914.

Here, petitioner requests that her attorney of record Carol Gallagher be awarded forum rates, specifically $350 per hour for work performed in 2015 and 2016; $363 for 2017, and $400 for 2018.  Pet. App., Exhibit A.[4]  These rates have previously been approved.  *See, e.g., De Souza v. Sec'y of Health & Human Servs.*, 2018 WL 6920676 (Fed. Cl. Dec. 14, 2018) (granting petitioner's motion for review, holding that Ms. Gallagher was entitled to forum rates, and awarding the rates requested), *rev'g* 2018 WL 4624249 (Fed. Cl. Spec. Mstr. July 3, 2018); *Polzin v. Sec'y of Health & Human Servs.*, No. 16-598V, 2018 WL 3991269 (Fed. Cl. Spec. Mstr. July 26, 2018); *Devingo v. Sec'y of Health & Human Servs.*, No. 17-0754V, 2018 WL 3030958 (Fed. Cl. Spec. Mstr. Feb. 26, 2018).  Accordingly, no adjustment to the requested rates is necessary.

### b.  Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, a special master may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.  Here, petitioner's counsel has billed a total of 180.45 hours on the case from October 2015 to date.  Pet. App., Ex. A.  As reflected in the billing entries, this involved interviewing petitioner, obtaining her medical records, working with an expert who prepared two reports in support of the claim, and informally resolving the case with respondent, thereby achieving a favorable result for petitioner.  I find that the hours expended were reasonable and adequately documented.  Thus, no adjustment is necessary.

### c.  Attorneys' Costs

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded also applies to costs.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Here, petitioner requests $6,973.26 in attorneys' costs.  This include costs associated with obtaining medical records, filing the petition, postage, one in-person meeting with petitioner, obtaining a transcript of one status conference with the Court, and paying her expert.  Pet. App., Exs. B, C.  These costs are reasonable and adequately documented, thus, they will be awarded.

## III.   Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED.**  I hereby award the following reasonable attorneys' fees and costs:

1) **A lump sum in the amount of $73,020.29, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Carol L. Gallagher of Carol L. Gallagher, Esquire, LLC.[5]**

---

[4] Ms. Gallagher appropriately billed travel time at 50% of her attorney rate for the relevant year.  Pet. App., Exhibit A at 24.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[6]

      **IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).